IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JACOB S. HOOPER
ADC #160552                                                                            PLAINTIFF

V.                          CASE NO. 1:15-CV-75 BSM/BD

MINDY JONES and
TATE LAWRENCE                                                                      DEFENDANTS

RECOMMENDED DISPOSITION

I.   Procedures for Filing Objections:

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

II.  Discussion:

On July 7, 2015, Jacob S. Hooper, an inmate at the Izard County Jail ("Jail"), filed this lawsuit pro se under 42 U.S.C. § 1983. (Docket entry #2) The Court allowed Mr. Hooper to proceed *in forma pauperis*. (#3)

In his Complaint, Mr. Hooper claimed that while he was housed at the Jail, he was

improperly disciplined for disorderly conduct. He also alleged that his personal property and legal papers were confiscated. Mr. Hooper named the Jail Administrator and the Izard County Sheriff as the only Defendants and sued them only in their official capacities. Mr. Hooper's complaint was flawed in several respects, so the Court allowed him an opportunity to file an amended complaint.

First, Mr. Hooper's complaint did not allege that he was injured as a result of any Izard County custom or policy, so his allegations did not state any official-capacity claims. Mr. Hooper was advised that he could clarify his claims in an amended complaint and indicate whether he intended to sue the Defendants in their individual or official capacities, or both.

Second, the Court explained that, even assuming County officials confiscated his personal property, that conduct does not to rise to the level of a constitutional violation. See *Bausley v. Dugan*, Case No. 04–2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision) (holding that a detainee could not bring a § 1983 claim against county jail employees for seizure of personal property from his cell because he could bring a conversion action in state court).

Third, although Mr. Hooper alleged that his legal mail was confiscated, he did not allege any actual injury to support this constitutional claim. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). Injury is a required element of this claim.

Finally, Mr. Hooper's complaint named the Izard County Sheriff as a Defendant,

but he did not attribute any unconstitutional conduct to Sheriff Lawrence. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007)("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights").

The Court allowed Mr. Hooper thirty days to amend his complaint to state federal claims for relief. In addition, the Court specifically warned Mr. Hooper that his case could be dismissed if he failed to amend and state federal claims. (#5)

To date, Mr. Hooper has not filed an amended complaint, and the time for complying with the Court's Order has passed. The complaint, as written, does not adequately state any federal claims for relief.

### III.   Conclusion:

The Court recommends that Mr. Hooper's claims be DISMISSED, without prejudice, based on his failure to prosecute this lawsuit and his failure and to comply with the Court's July 17, 2015 Order.

DATED this 21st day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE